## DeVane Petition

*Terry W. Knox,* for petitioner.
*Albert Ring,* contra.

STIVELY, *J.,* September 29, 1977 — This petition for change of name under the Act of April 18, 1923, P.L. 75, 54 P.S. §1-4, was filed by Evelyn Gaynelle DeVane on behalf of her eight year old daughter, Freddia Gaynelle Davidson. Therein lies the problem.

The record shows the birth of the child in wedlock while the father-respondent was in military service in Viet Nam, subsequent estrangement and divorce of the parents, lack of contact and financial support between father and child, recent minimal efforts by father to correspond with and deliver gifts to the child, and now a strong protest by the father to the proposed change of name that

would make the child's surname coincide with that of the mother (who retook her maiden name following the divorce). The specific facts in the aforesaid categories are difficult to determine from testimony based on emotionally-clouded recollections and diametrically-opposed interpretations.

The act under which this petition was filed provides that: "*Any person* desiring to change his or her name shall file a petition. . . ." section 2, 54 P.S. §2. (Emphasis supplied.) Although the procedural device of permitting a parent to file the petition on behalf of a young child is undoubtedly permissible: Falcucci Name Case, 355 Pa. 588, 50 A.2d 200 (1947); the fact remains that it is *the child* who is asking that his name be changed. In a scholarly opinion, in Rounick's Petition, 47 D. & C. 71 (1942), Judge Sloane points out: "The person to consider is the child."

In Falcucci Name Case, 355 Pa. 588 (1947), Mr. Chief Justice Maxey, at page 591, wrote: "In granting or refusing the petition after due hearing and notice the court has wide discretion. If there is 'lawful objection' to the granting of the petition it will be denied. If there is no such lawful objection the petition may be granted. Under certain circumstances a court even in the absence of lawful objection should deny such a petition." Adding, at page 594: "Of course, a court would be reluctant to grant a very youthful minor's petition for a change of name. . ."

On this record, the language of Judge Sloane in Rounick's Petition, supra, at 75, 76, is appropriate:

"With this primary object before us, we see nothing to help the welfare of the child by granting this petition. We are convinced that, were we to grant it, we would be lending our aid to the 'estrange-

ment of father and child.' To decree a change of name would simply be another step in the direction, encouraged by the mother, of complete severance of the father-child relationship. It is pretty plain that the mother is the one who wants the change, for her son is too young to know and I doubt strongly his capacity to understand the nature of the proceeding, let alone its initiation.

". . .

"We think it better to let this case rest until the minor knows his own mind and the father has had further opportunity to pursue his professed desire to retain a place in the child's life. If later the child again seeks the change, we will be in better position to entertain the expression of his desire."

See, to the same effect: Pollock Petition, 31 D. & C. 2d 514 (1963); In re Bennetch, 13 D. & C. 2d 311 (1957); In re Bilske, 75 D. & C. 288 (1951). Cf. In re Rocuskie, 41 Northumb. L. N. 80 (1969).

### ORDER

And now, September 29, 1977, after hearing, the prayer of the petition is denied without prejudice to a renewal of the petition at subsequent proper time.